**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

District of Delaware

Case number *(if known)*: _____ Chapter 15

☐ Check if this is an amended filing

Official Form 401

# Chapter 15 Petition for Recognition of a Foreign Proceeding 12/15

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write debtor's name and case number (if known).

| | | |
|---|---|---|
| 1. **Debtor's name** | Afiniti, Ltd. | |

**2. Debtor's unique identifier**

**For non-individual debtors:**

☐ Federal Employer Identification Number (EIN) ___ ___ – ___ ___ ___ ___ ___ ___ ___

☑ Other  45859 . Describe identifier  Registrar of Companies of Bermuda

**For individual debtors:**

☐ Social Security number: xxx – xx– ____ ____ ____ ____

☐ Individual Taxpayer Identification number (ITIN): **9** xx – xx – ____ ____ ____ ____

☐ Other _____ . Describe identifier _____ .

**3. Name of foreign representative(s)**

Afiniti, Ltd.

**4. Foreign proceeding in which appointment of the foreign representative(s) occurred**

In the Matter of Afiniti Ltd. (Provisional Liquidators Appointed for Restructuring Purposes) --- Supreme Court of Bermuda, Companies (Winding Up) Commercial Court, 2024: No. 265

**5. Nature of the foreign proceeding**

*Check one:*

☐ Foreign main proceeding
☐ Foreign nonmain proceeding
☑ Foreign main proceeding, or in the alternative foreign nonmain proceeding

**6. Evidence of the foreign proceeding**

☑ A certified copy, translated into English, of the decision commencing the foreign proceeding and appointing the foreign representative is attached.

☐ A certificate, translated into English, from the foreign court, affirming the existence of the foreign proceeding and of the appointment of the foreign representative, is attached.

☐ Other evidence of the existence of the foreign proceeding and of the appointment of the foreign representative is described below, and relevant documentation, translated into English, is attached.

_____

_____

**7. Is this the only foreign proceeding with respect to the debtor known to the foreign representative(s)?**

☐ No. (Attach a statement identifying each country in which a foreign proceeding by, regarding, or against the debtor is pending.)

☑ Yes

| Debtor | Afiniti, Ltd. | Case number *(if known)* |
|---|---|---|
| | Name | |

**8.  Others entitled to notice**

Attach a list containing the names and addresses of:

(i)   all persons or bodies authorized to administer foreign proceedings of the debtor,

(ii)  all parties to litigation pending in the United States in which the debtor is a party at the time of filing of this petition, and

(iii) all entities against whom provisional relief is being sought under § 1519 of the Bankruptcy Code.

**9.  Addresses**

**Country where the debtor has the center of its main interests:**

Bermuda

**Debtor's registered office:**

Crawford House, 50 Cedar Avenue
Number        Street

P.O. Box

Hamilton,Pembroke,HM11
City          State/Province/Region    ZIP/Postal Code

Bermuda
Country

**Individual debtor's habitual residence:**

Number        Street

P.O. Box

City          State/Province/Region    ZIP/Postal Code

Country

**Address of foreign representative(s):**

Crawford House, 50 Cedar Avenue
Number        Street

P.O. Box

Hamilton,Pembroke,HM11
City          State/Province/Region    ZIP/Postal Code

Bermuda
Country

**10.  Debtor's website** (URL)

https://www.afiniti.com/

**11.  Type of debtor**

*Check one:*

☑ Non-individual (*check one*):

  ❑ Corporation.  Attach a corporate ownership statement containing the information described in Fed. R. Bankr. P. 7007.1.

  ❑ Partnership

  ☑ Other.  Specify: Bermuda exempted company

❑ Individual

| Debtor | Afiniti, Ltd. | Case number (if known) | |
|---|---|---|---|
| | Name | | |

**12. Why is venue proper in *this district*?**

Check one:

☑ Debtor's principal place of business or principal assets in the United States are in this district.

☐ Debtor does not have a place of business or assets in the United States, but the following action or proceeding in a federal or state court is pending against the debtor in this district:

_____.

☐ If neither box is checked, venue is consistent with the interests of justice and the convenience of the parties, having regard to the relief sought by the foreign representative, because:

_____.

**13. Signature of foreign representative(s)**

I request relief in accordance with chapter 15 of title 11, United States Code.

I am the foreign representative of a debtor in a foreign proceeding, the debtor is eligible for the relief sought in this petition, and I am authorized to file this petition.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct,

✖ /s/ Hassan Afzal _____
Signature of foreign representative

Hassan Afzal _____
Printed name

Executed on   11/03/2024
              MM / DD / YYYY

✖ _____
Signature of foreign representative

_____
Printed name

Executed on   _____
              MM / DD / YYYY

**14. Signature of attorney**

✖ /s/ Kara Hammond Coyle _____     Date   11/03/2024
Signature of Attorney for foreign representative                MM / DD / YYYY

Kara Hammond Coyle _____
Printed name

YOUNG CONAWAY STARGATT & TAYLOR, LLP _____
Firm name

Rodney Square, 1000 North King Street _____
Number        Street

Wilmington _____          DE        19801
City                                        State      ZIP Code

(302) 571-6600 _____      kcoyle@ycst.com _____
Contact phone                               Email-address

4410 _____                DE _____
Bar number                                  State

## Item 6: Evidence of Foreign Proceeding

US-DOCS\154577381.2

**IN THE SUPREME COURT OF BERMUDA**

**COMPANIES (WINDING UP)**

**COMMERCIAL COURT**

**2024: No.** $\mathcal{265}$

**IN THE MATTER OF A COMPANY**

**AND IN THE MATTER OF THE COMPANIES ACT 1981**

---

### ORDER

---

**UPON HEARING COUNSEL** for Afiniti Ltd. (the "**Company**")

**AND UPON READING** the Petition filed herein and the Affidavit of Mohammed Khaishgi dated 18 September 2024

**IT IS HEREBY ORDERED** as follows:

1.  That Michael Morrison and Charles Thresh of Teneo (Bermuda) Ltd. are hereby appointed joint provisional liquidators ("**JPLs**") of the Company with the following powers:

    (a)  to review the financial position of the Company;

    (b)  to monitor the continuation of the business of the Company by the existing board of directors of the Company (the "**Board**");

    (c)  to consult with the creditors of the Company in determining the most appropriate manner to realise value for the benefit of the creditors;

    (d)  to take such steps as they deem appropriate to sell, transfer and/or with respect to the disposition of the assets of the Company;

(e)    to take such steps as they deem appropriate with respect to any settlements, compromises or arrangements (including seeking such sanction as the JPLs may consider necessary or desirable in the circumstances);

(f)    to sign off on and execute agreements (including any documents to facilitate the any sale or transfer), pleadings, or any other document (with such court sanction as the JPLs may consider appropriate in the circumstances) on behalf of the Company;

(g)    if deemed necessary and/or appropriate by the JPLs, to apply to any foreign court (wherever situated) for recognition of their appointment or in connection with any other proceedings to take advantage of any insolvency or bankruptcy protections that such foreign law, procedures or proceedings may provide to the Company. Without prejudice to the foregoing, the Company acting through the Board shall be the Company's authorised foreign representative for the purpose of the UNCITRAL Model Law and Chapter 15, Title 11 of the United States Code;

(h)    the JPLs shall be entitled to receive advance materials, receive advance notice of, and, at the expense of the Company, attend all Board meetings and such meetings of management as the JPLs request and shall be consulted prior to:

(i)    the sale, transfer, or other disposition of any business, operation, subsidiary, division or other significant asset of the Company;

(ii)    the incurrence of indebtedness or borrowing of money, whether pursuant to agreements with suppliers or pursuant to loan arrangements with financing institutions, and the granting of security in respect of the same, and the guaranteeing of such indebtedness or borrowings of affiliates;

(iii)    the Board seeking leave to continue or take any steps in any proceedings to which the Company is a party.

(i)    to provide a written report to this Court from time to time and as this Court may otherwise request;

(j)    to retain and employ barristers, attorneys, and solicitors, and such other agents and professional persons as the JPLs deems fit, in Bermuda and elsewhere as the

JPLs deems appropriate for the purpose of advising and assisting in the execution of their powers;

(k)    to render and pay invoices out of the assets of the Company for the JPLs' own remuneration at their usual and customary rates (and this shall include all costs, charges and expenses of their attorneys and all other agents, managers, accountants and other persons that the JPLs may employ), subject to such arrangements as agreed or as may be agreed with the Company (or with the approval of the Court) in the context of the overall restructuring process;

(l)    if deemed necessary, and in the interests of the creditors of the Company, to seek the assistance of any other courts as may be considered appropriate;

(m)    to set up, maintain, and control bank accounts (whether jointly with the Company or otherwise) at any bank or financial institutions situated in Bermuda or elsewhere as appropriate, in their own names or in the name of the Company, and accept deposits into and pay monies into such accounts for the purpose of meeting the payment of the fees and expenses of the JPLs, including all costs, charges and expenses of their attorneys and all other agents, managers, accountants and other persons that the JPLs may employ, in each case, subject to the appropriate procedures being agreed with the Company (acting reasonably) as to how fees shall be determined;

(n)    subject to the Company's power at 1(g) above to act as the Company's authorised foreign representative for the purposes stated therein, to seek recognition of the provisional liquidation or the appointment of the JPLs in any jurisdiction the JPLs consider necessary, or both, together which such other relief the JPLs may consider necessary for the proper exercise of their functions within those jurisdictions and to make applications to the court(s) of such jurisdiction for that purpose; and

(o)    to do all things incidental to the exercise of the foregoing powers.

2.    Payments in the ordinary course of business and payments to professional advisors of the Company, the JPLs, and Secured Lenders (as defined in the Petition and including Allen Overy Shearman Sterling US LLP, Appleby (Bermuda) Limited, Akin Gump Strauss Hauer

Feld, LLP and Kirkland & Ellis LLP) and any related fees, disbursements and other charges of other counsel, including local counsel, consultants and service companies, shall not be avoided by virtue of section 166 of the Companies Act 1981. No other payments or dispositions of the Company's property shall be made or effected without the direct or indirect approval of the JPLs but no such payment or other disposition made or effected by or with the authority or approval of the JPLs in carrying out their duties and functions and in the exercise of their powers under this Order shall be avoided by virtue of the provisions of section 166 of the Companies Act 1981.

3.    In the event that a winding-up order is made against the Company, any fees and expenses of the JPLs, including all costs, charges and expenses of their attorneys and all other agents, managers, accountants, and other persons the JPLs may employ, which are payable in accordance with the terms of the orders which may be made by this Court, and which are outstanding at the date of the winding-up order, shall be treated as fees and expenses properly incurred in preserving, realising or getting in the assets of the Company for the purposes of Rule 140 of the Companies (Winding-Up) Rules 1982.

4.    Save as are specifically set out herein:

(a)    the JPLs shall be responsible for the realisation of the value of the Company's assets but shall have no general or additional powers or duties with respect to the day to day running of the Company;

(b)    prior to any winding-up order being made, the JPLs shall have no duties with respect to the books and records of the Company, although they may receive from the Board such Company books and records as they may request; and

(c)    save for those powers granted to the JPLs by this order, and the Protocol Agreement agreed to as between the Company, its Authorised Managers (as defined therein), and the JPLs, the Board shall continue to manage the Company's affairs in all respects and exercise the powers conferred upon it by the Company's Memorandum of Association and Bye-laws, provided always that, should the JPLs consider at any time that the Board is not acting in the best interests of the Company and its creditors, the JPLs shall have the power to report same to this Court and seek such directions from this Court as appropriate.

5.   Leave is hereby granted pursuant to section 167(4) of the Companies Act 1981 to permit case 2024: 112 to proceed.

6.   The Company shall provide the JPLs with such information as the JPLs deem necessary to properly to discharge their functions under this Order and as an officer of this Court.

7.   The JPLs shall be at liberty to submit to the Registrar of the Supreme Court of Bermuda bills of costs for taxation for all costs, charges, and expenses of those persons or firms employed by them, with such taxation to be on an attorney and own client basis with respect to attorneys and on an equivalent basis for all managers, accountants, and other persons.

8.   The powers of the JPLs may be exercised jointly and severally.

9.   The JPLs shall not be required to give security for their appointment.

10.   The Petitioner's costs of this application shall be taxed and paid out of the assets of the Company on a solicitor and own client basis.

Dated this    19    day of September 2024

CHIEF JUSTICE/PUISNE JUDGE

IN THE SUPREME COURT OF BERMUDA

COMPANIES (WINDING UP)

COMMERCIAL COURT

2024: No. 265

IN THE MATTER OF A COMPANY

AND IN THE MATTER OF THE COMPANIES ACT 1981

---

## ORDER

---





**CONYERS DILL & PEARMAN LIMITED**
Barristers & Attorneys
Clarendon House
2 Church Street, Hamilton
BERMUDA

RXW/gm/401937/25003675

**Item 8: Disclosure Pursuant to Rule**
**<u>1007(a)(4) of the Federal Rules of Bankruptcy Procedure</u>**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 15 |
| Afiniti, Ltd.,[1] | Case No. 24-_____ (   ) |
| Debtor in a Foreign Proceeding. | |

**DISCLOSURE PURSUANT TO RULE 1007(a)(4)**
**OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**

Afiniti, Ltd., in its capacity as the duly authorized foreign representative (the "**Foreign Representative**") appointed by the Supreme Court of Bermuda, Companies (Winding Up) Commercial Court (the "**Bermuda Court**") to represent the above-captioned debtor (the "**Debtor**"), which is the subject of a provisional liquidation proceeding in the Bermuda Court entitled *In the Matter of Afiniti Ltd. (Provisional Liquidators Appointed for Restructuring Purpose*s*) and In the Matter of the Companies Act 1981* (2024: No. 265), hereby files this disclosure pursuant to rule 1007(a)(4) of the Federal Rules of Bankruptcy Procedure:

A.    **Administrators in Foreign Proceeding Concerning the Debtor**

1.    Afiniti, Ltd. is authorized by the Bermuda Court to administer foreign proceedings of the Debtor.  Its address is: Crawford House, 50 Cedar Avenue, Hamilton, Pembroke, HM 11, Bermuda.

2.    Mike Morrison and Charles Thresh (the Debtor's joint and several "light-touch" provisional liquidators for restructuring purposes) are also authorized by the Bermuda Court to administer foreign proceedings of the Debtor.  Their address is: Teneo (Bermuda) Limited, 19 Par-La-Ville Road, 3rd Floor, Hamilton HM 11, Bermuda.

---

[1]  The Debtor's registration number is 45859. The location of the Debtor's registered office is Crawford House, 50 Cedar Avenue, Hamilton, Pembroke, HM 11, Bermuda.

**B.** **Entities Against Whom Provisional Relief is Sought Pursuant to 11 U.S.C. § 1519**

3.      The Foreign Representative is not seeking provisional relief against any parties at this time, but reserves the right to seek such relief in the future.

**C.** **All Parties to Litigation Pending in the United States in which the Debtor is a Party at the Time of Filing of the Petition**

4.      To the best of the Foreign Representative's knowledge, information, and belief, the parties to litigation pending in the United States in which the Debtor is a party at the time of the filing of the Debtor's chapter 15 petition for recognition of a foreign main proceeding are:

| Proceeding | Party & Address |
|---|---|
| *Afiniti, Ltd. et al v. Chishti et al.*, D.D.C., Case No. 01-23-00303 (RDM) (trade secret action filed by Afiniti, Ltd. and Afiniti, Inc.) | Muhammad Ziaullah Khan Chishti [Personal Address on File] |
| *Afiniti, Ltd. et al v. Chishti et al.*, D.D.C., Case No. 01-23-00303 (RDM) (trade secret action filed by Afiniti, Ltd. and Afiniti, Inc.) | Qinhe (Hainan) Intelligent Technology Ltd. 401-2, Block E, Fullsing Town, 32 Binhai Avenue, Longhua District, Haikou City, Hainan Province |
| *Afiniti, Ltd. et al v. Chishti et al.*, D.D.C., Case No. 01-23-00303 (RDM) (trade secret action filed by Afiniti, Ltd. and Afiniti, Inc.) | Isbei (Hainan) Technology Co., Ltd. 401-2, Block E, Fullsing Town, 32 Binhai Avenue, Longhua District, Haikou City, Hainan Province |
| *Afiniti, Ltd. et al v. Chishti et al.*, D.D.C., Case No. 01-23-00303 (RDM) (trade secret action filed by Afiniti, Ltd. and Afiniti, Inc.) | Isbei AI (Private) Ltd. House No 96, Sector F - 8/2, Khayaban-e-Iqbal, Margalla Road, Islamabad, Pakistan |
| *Afiniti, Ltd. et al v. Chishti et al.*, D.D.C., Case No. 01-23-00303 (RDM) (trade secret action filed by Afiniti, Ltd. and Afiniti, Inc.) | Isbei Ltd. Ocorian Trust (Cayman) Limited, P.O. Box 1350, Windward 3, Regatta Office Park, Grand Cayman KY1-1108, Cayman Islands |
| *Afiniti, Ltd. et al v. Chishti et al.*, D.D.C., Case No. 01-23-00303 (RDM) (trade secret action filed by Afiniti, Ltd. and Afiniti, Inc.) | Sarah Pobereskin [Personal Address on File] |

Dated:  November 3, 2024
       Wilmington, Delaware

Respectfully submitted,

*/s/ Kara Hammond Coyle*
_____
**YOUNG CONAWAY STARGATT &TAYLOR, LLP**
Michael R. Nestor (No. 3526)
Kara Hammond Coyle (No. 4410)
Rodney Square, 1000 North King Street
Wilmington, DE 19801
Telephone:  (302) 571-6600
Email:   mnestor@ycst.com
       kcoyle@ycst.com

– and –

George Davis (*pro hac vice* pending)
David Hammerman (*pro hac vice* pending)
Meghana Vunnamadala (*pro hac vice* pending)
**LATHAM & WATKINS LLP**
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212) 906-1200
Email:   george.davis@lw.com
       david.hammerman@lw.com
       meghana.vunnamadala@lw.com

– and –

Jason B. Gott (*pro hac vice* pending)
Jonathan Gordon (*pro hac vice* pending)
**LATHAM & WATKINS LLP**
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Telephone: (312) 876-7700
Email:   jason.gott@lw.com
       jonathan.gordon@lw.com

*Counsel to the Foreign Representative*

## Item 11: Corporate Ownership Statement

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 15 |
| Afiniti, Ltd.,[1] | Case No. 24-_____  (    ) |
| Debtor in a Foreign Proceeding. | |

**CORPORATE OWNERSHIP STATEMENT**
**OF AFINITI, LTD. PURSUANT TO**
**BANKRUPTCY RULES 1007(a)(4) AND 7007.1**

Afiniti, Ltd., in its capacity as the duly authorized foreign representative (the "**Foreign Representative**") appointed by the Supreme Court of Bermuda, Companies (Winding Up) Commercial Court (the "**Bermuda Court**") to represent the above-captioned debtor (the "**Debtor**"), which is the subject of a provisional liquidation proceeding in the Bermuda Court entitled *In the Matter of Afiniti Ltd. (Provisional Liquidators Appointed for Restructuring Purpose*s*) and In the Matter of the Companies Act 1981* (2024: No. 265), hereby files the corporate ownership information required by Rules 1007(a)(4) and 7007.1 of the Federal Rules of Bankruptcy Procedure.

To the best of the Foreign Representative's knowledge: (i) the Debtor has no parent corporation; (ii) no corporation publicly held in the United States owns 10% or more of the Debtor's stock; and (iii) The Resource Group Pakistan, which is publicly held in Pakistan, indirectly owns more than 10% of the Debtor's stock.

*[Remainder of Page Intentionally Left Blank]*

---

[1]  The Debtor's registration number is 45859. The location of the Debtor's registered office is Crawford House, 50 Cedar Avenue, Hamilton, Pembroke, HM 11, Bermuda.

Dated:  November 3, 2024
      Wilmington, Delaware

Respectfully submitted,

/s/ *Kara Hammond Coyle*
_____
**YOUNG CONAWAY STARGATT &TAYLOR, LLP**
Michael R. Nestor (No. 3526)
Kara Hammond Coyle (No. 4410)
Rodney Square, 1000 North King Street
Wilmington, DE 19801
Telephone:  (302) 571-6600
Email:   mnestor@ycst.com
        kcoyle@ycst.com

– and –

George Davis (*pro hac vice* pending)
David Hammerman (*pro hac vice* pending)
Meghana Vunnamadala (*pro hac vice* pending)
**LATHAM & WATKINS LLP**
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212) 906-1200
Email:   george.davis@lw.com
        david.hammerman@lw.com
        meghana.vunnamadala@lw.com

– and –

Jason B. Gott (*pro hac vice* pending)
Jonathan Gordon (*pro hac vice* pending)
**LATHAM & WATKINS LLP**
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Telephone: (312) 876-7700
Email:   jason.gott@lw.com
        jonathan.gordon@lw.com

*Counsel to the Foreign Representative*

<u>**Resolutions of the Board of Directors (the "Board") of Afiniti, Ltd. (the "Company")**</u>
Adopted at a Meeting held on September 13, 2024

1. <u>**Approval of Restructuring Support Agreement and Associated Restructuring**</u>

**WHEREAS**, in light of (i) the upcoming maturity of the term loans extended to the Company's affiliate, Afiniti, Inc., pursuant to that certain term loan agreement originally dated as of June 13, 2019, among Afiniti, Inc. as borrower, the Company as parent guarantor, the lenders from time to time party thereto and VCP Capital Markets, LLC as administrative and collateral agent (as amended, restated, amended and restated, supplemented or otherwise modified from time to time, the "**Vista Credit Agreement**"), (ii) the Company's guarantee thereof, and (iii) the inability of Afiniti, Inc. and the Company to pay such loans at their maturity, the Company has in good faith and at arm's length negotiated and agreed to the terms of a restructuring transaction as set forth in a restructuring support agreement, a substantially final form of which has been provided to the board (the "**RSA**" and the transactions pursuant thereto being the "**Restructuring**");

**AND WHEREAS**, in connection with the proposed Restructuring, the Company has commissioned and received an independent valuation report prepared by Teneo (the "**Valuation Report**"), and each of the Directors have had the opportunity to review and comment upon the Valuation Report and its findings;

**AND WHEREAS**, the Valuation Report discloses that the assets of the Company are materially less than its liabilities and, in particular, the value of the Company's assets is most likely insufficient to discharge the secured indebtedness that would be owed by the Company (together with its affiliated co-obligors) upon the near term maturity of the term loans under the Vista Credit Agreement;

**AND WHEREAS**, the Board, with assistance of professional advisors and in recognition of its fiduciary duties owed to the Company and its creditors given the financial position of the Company, has engaged with the lenders under the Vista Credit Agreement to discuss possible transactions to prevent a value destructive liquidation or other result that would result in significant losses to creditors and impairment in the enterprise value of the Company and its affiliates;

**AND WHEREAS**, the Board has concluded that the Restructuring represents, in light of the Valuation Report, a reasonable compromise that maximizes value for all the Company's stakeholders compared to available alternatives and permits the restructured group (of which the Company is presently the parent) to continue as a going concern;

**NOW THEREFORE BE IT RESOLVED THAT**:

(i)     it is in the Company's best commercial interest, given the findings of the Valuation Report, to approve the Restructuring and the RSA, it being noted that the Restructuring shall result in a release of all claims against the Company by the parties under the Vista Credit Agreement;

(ii)    the Restructuring and all transactions contemplated thereby, together with such other transactions as any director or officer of the Company acting singly (each, an "**Authorised Person**"), may in his or her absolute and unfettered discretion deem appropriate for the completion of all matters contemplated by the Restructuring and/or described in the RSA, be and are hereby approved;

1

(iii)     the RSA be and is hereby approved and that any Authorized Person, acting singly, be authorised to execute on behalf of the Company the RSA and make any amendments thereto whatsoever in such form and containing such terms and conditions as any Authorized Person may approve, and that the execution thereof shall be conclusive evidence of such approval; and

(iv)     any Authorized Person, acting singly, be and is hereby authorised to prepare, execute, swear and/or deliver any document on behalf of the Company or otherwise which may be necessary or desirable for the purposes of the Restructuring.

## 2.   Bermuda Court Process

**WHEREAS**, the RSA envisages that the Restructuring shall be implemented through the appointment of a provisional liquidator following the presentation of a winding-up petition by the Company;

**AND WHEREAS**, a provisional liquidator appointed in a "light-touch" process serves as a disinterested advocate for creditor interests, and the Directors have been advised that a provisional liquidator could also independently evaluate and support the Valuation Report and the Restructuring;

**AND WHEREAS**, it is proposed that the provisional liquidator shall seek sanction and/or approval of the Restructuring before the Bermuda Court as a means of providing independent validation of the Restructuring;

**AND WHEREAS**, the Directors have been advised that to facilitate the Restructuring it is also desirable to seek the protection of the mandatory stay under section 167(4) of the Companies Act that comes into effect upon the appointment of a provisional liquidator following the presentation of a winding-up petition;

**BE IT THEREFORE RESOLVED THAT:**

(i)     the Company shall take such action as necessary to cause the Company to be wound up by the Bermuda Court, appoint Mike Morrison and Charles Thresh of Teneo as joint provisional liquidators, and to provide such assistance as is necessary to the provisional liquidators in connection with an application to sanction the Restructuring (collectively, the "**Bermuda Process**");

(ii)     Conyers Dill & Pearman Limited, as the Company's Bermuda attorneys, be and is hereby authorized to take the necessary steps and to draft the necessary documents to file with the Court in connection with the Bermuda Process; and

(iii)     any Authorized Person, acting singly, be and is hereby authorized to take any and all action required to give effect to the Bermuda Process, including, but not limited to, the execution and delivery of any and all documentation or instructions whatsoever and swearing affidavits.

## 3.   Transfer Documents and Reorganisation in Connection with Restructuring

**WHEREAS**, the Restructuring envisages, amongst other things, the Company transferring and conveying substantially all of its assets (the "**Asset Transfer**") ultimately to a newly formed limited

liability company which will be majority owned by the lenders under the Vista Credit Agreement (the "**Newco**");

**AND WHEREAS**, the Company, following discussing with its professional advisors and representatives for the lenders under the Vista Credit Agreement, has determined that in order to ensure the Asset Transfer is tax efficient it is desirable to conduct an internal reorganisation immediately prior to the implementation of the Asset Transfer (the "**Reorganisation**");

**AND WHEREAS**, the Reorganisation entails the formation of a new Cayman subsidiary of the Company ("**CayCo**") and the transfer, conveyance and/or contribution of substantially all of the Company's non-US assets to CayCo pursuant to a stock and asset transfer agreement between the Company and CayCo, a draft of which has been provided to the Board (the "**Parent to CayCo Transfer Agreement**");

**AND WHEREAS**, following the Reorganisation, it is anticipated that the Company, with the support of the provisional liquidators appointed in the Bermuda Process and subject to any sanction such provisional liquidators may apply for in the Bermuda Process, will enter into a securities purchase agreement (the "**Securities Purchase Agreement**"), a draft of which has been provided to the Board;

**AND WHEREAS**, pursuant to the Securities Purchase Agreement, the Company shall sell, convey and transfer, in furtherance of the Restructuring and in release for its liabilities under the Vista Credit Agreement all of its equity in CayCo and its U.S. subsidiary Afiniti Inc.;

**AND WHEREAS**, the Parent to CayCo Transfer Agreement and the Securities Agreement are collectively referred to as the "**Transfer Documents**";

**BE IT THEREFORE RESOLVED:**

(i)     the Reorganisation, together with such other transactions as any Authorised Person may in his absolute and unfettered discretion deem appropriate for the completion of all matters contemplated by the Reorganisation and/or described in the Parent to CayCo Transfer Agreement, be and are hereby approved;

(ii)    the Transfer Documents be and are hereby approved and that any Authorised Person be, and each of them hereby is, authorised to execute (under the common seal of the Company if appropriate), and deliver on behalf of the Company, subject to the Bermuda Process and any order made therein, any and all of the Transfer Documents and any amendments thereto in such form and containing such terms and conditions as such person executing the same may in his absolute and unfettered discretion determine and approve, such determination and approval to be conclusively evidenced by such person's execution thereof; and

(iii)   any Authorised Person be, and each of them hereby is, authorised to execute (under the common seal of the Company if appropriate) and deliver on behalf of the Company, subject to the Bermuda Process and any order made therein, any and all agreements, instruments and other documents whatsoever, and do any and all other things whatsoever, as such director or officer shall in his absolute and unfettered discretion deem or determine appropriate in connection with any of the foregoing resolutions, the transactions contemplated thereby and any ancillary matters thereto and/or to carry out the purposes and intent thereof, such deeming or determination to be conclusively evidenced by any such execution or the taking of any such action by such person or persons.

**4.** **Chapter 15 Proceeding and Appointment of Foreign Representative**

**WHEREAS** as a condition to the effectiveness of the Restructuring, the Company intends to seek recognition of the Bermuda Process as a "foreign main proceeding" or, in the alternative, as a "foreign non-main proceeding" of the Company under Chapter 15 of the U.S. Bankruptcy Code in the U.S. Bankruptcy Court for the District of Delaware (the "**Chapter 15 Proceeding**").

**BE IT THEREFORE RESOLVED THAT:**

(i)     the Company, acting through its Board, shall seek to be authorised to act as the Company's legal foreign representative in connection with the Chapter 15 Proceeding (the "**Foreign Representative**");

(ii)    the Foreign Representative is authorized to act as the Company's agent in seeking any relief available to a "foreign representative" in the Chapter 15 Proceeding;

(iii)   Latham & Watkins LLP and Young Conaway LLP, the Company's U.S. restructuring counsel, be and are hereby authorized to take the necessary steps and to draft the necessary documents to file with the Court in connection with the Chapter 15 Proceeding;

(iv)    any Authorized Person, acting singly, be and hereby is authorized to execute and file any and all petitions, schedules, motions, lists, applications, pleadings, declarations, and other papers, and to take any and all further actions which the Company's legal counsel may deem necessary, proper, or desirable in connection with the Chapter 15 Proceeding, with a view to the successful resolution of such case; and

(v)     any of the foregoing matters set out in these resolutions that have been done on or before the date hereof be and are hereby adopted, ratified, confirmed and approved.

**5.** **Thirteenth Amendment to Term Loan Credit Agreement**

**WHEREAS**, it is proposed that the Company as Parent enter into a New York law governed amendment no. 13 to the Vista Credit Agreement ("**Thirteenth Amendment**"), by and among the Company, Afiniti, Inc. as Borrower, Afiniti Newco Holdings LLC, the Guarantors, the Lenders and VCP Capital Markets, LLC as Administrative Agent and the Collateral Agent, in order to make such amendments to the Vista Credit Agreement as are contemplated by the Restructuring including *inter alia* to amend the existing term loans into (a) a senior first lien secured tranche in an amount not less than $225,000,000 and (b) a junior second lien secured convertible tranche in an amount not less than $285,000,000, in exchange for the Company's release as a guarantor thereunder (the "**Financing Transaction**").

**AND WHEREAS**, in connection with the Financing Transaction, the Company is required to approve and, as the case may be, enter into certain agreements, instruments or documents including (without limitation) any or all of the following, draft copies of which have been provided to the directors for their review and are each attached to these written resolutions:

(a)  the Thirteenth Amendment;

(b) a Bermuda law governed deed of confirmation to be entered into by the Company and VCP Capital Markets, LLC in relation to a Bermuda law governed debenture dated 13 June 2019 made between the aforementioned parties; and

(c) any other agreements or documents to be entered into pursuant to the Thirteenth Amendment or in connection therewith to which the Company is a party

(collectively, the "**Financing Transaction Documents**").

**WHEREAS** the directors have determined that it is advisable and in the best interests of the Company to consummate the Financing Transaction.

**BE IT THEREFORE RESOLVED THAT**:

(i)      it is in the Company's commercial interests to approve the Financing Transaction and enter into the Financing Transaction Documents;

(ii)      the Financing Transaction, together with such other transactions as any Authorised Person may in his absolute and unfettered discretion deem appropriate for the completion of all matters contemplated by the Financing Transaction and/or described in the Financing Transaction Documents, be and are hereby approved;

(iii)      the Financing Transaction Documents be and are hereby approved and that any Authorised Person be, and each of them hereby is, authorised to execute (under the common seal of the Company if appropriate) and deliver on behalf of the Company any and all of the Financing Transaction Documents and any amendments thereto in such form and containing such terms and conditions as such person executing the same may in his absolute and unfettered discretion determine and approve, such determination and approval to be conclusively evidenced by such person's execution thereof;

(iv)      any Authorised Person be, and each of them hereby is, authorised to execute (under the common seal of the Company if appropriate) and deliver on behalf of Company any and all agreements, instruments and other documents whatsoever (including, for the avoidance of doubt, any director certificate to be delivered in connection with the Thirteenth Amendment), and do any and all other things whatsoever, as such director or officer shall in his absolute and unfettered discretion deem or determine appropriate in connection with any of the foregoing resolutions, the transactions contemplated thereby and any ancillary matters thereto and/or to carry out the purposes and intent thereof, such deeming or determination to be conclusively evidenced by any such execution or the taking of any such action by such person or persons; and

(v)      any and all agreements, instruments and other documents whatsoever, and any and all actions whatsoever, heretofore or hereafter executed, delivered and/or taken by any director or officer of the Company on behalf of the Company in connection with the subject matter of these resolutions be and are hereby approved, ratified and confirmed in all respects as the acts and deeds of the Company.

**6.**    <u>**General Authorisation**</u>

It is **RESOLVED** that the Authorised Persons be authorised to do all such things, and to execute and deliver all documents as may be necessary to give effect to the foregoing Resolutions, and any

actions previously taken by such individuals in connection with the matters contemplated by, and not materially inconsistent with, these Resolutions be approved, ratified, confirmed, and adopted as of the date they were made with the same force and effect as if each act or thing had been specifically authorized in advance by resolution of the Board.

[END OF RESOLUTIONS]