**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 15 |
| Afiniti, Ltd.,[1] | Case No. 24-12539 (LSS) |
| Debtor in a Foreign Proceeding. | Ref. Docket Nos. 1, 4 & 31 |

**NOTICE OF FILING OF RULING ON SANCTION APPLICATION**
**IN FOREIGN PROCEEDING**

     **PLEASE TAKE NOTICE** that Afiniti, Ltd., in its capacity as the foreign representative (the "**Foreign Representative**") duly authorized by the Supreme Court of Bermuda, Companies (Winding Up) Commercial Court (the "**Bermuda Court**") to represent the above-captioned debtor (the "**Debtor**"),[2] filed the *Chapter 15 Petition for Recognition of a Foreign Proceeding* [Docket No. 1] (the "**Chapter 15 Petition**") on November 3, 2024 and the *Verified Petition and Motion Under Chapter 15 for (I) Recognition of a Foreign Main Proceeding, (II) Approval of Free and Clear Transfer or Other Disposition Under Section 363 of the Bankruptcy Code, (III) Approval of the Procedure Governing the Closing of this Chapter 15 Case and (IV) Related Relief* [Docket No. 4] on November 4, 2024 (the "**Verified Petition**," and together with the Chapter 15 Petition, the "**Petition**") pursuant to chapter 15 of title 11 of the United States Code with the United States Bankruptcy Court for the District of Delaware (the "**Court**"). A copy of the proposed sanction order that was under consideration before the Bermuda Court (the "**Proposed Sanction Order**") was attached as Exhibit F to the Verified Petition and is reattached as **Exhibit 1** hereto.

     **PLEASE TAKE FURTHER NOTICE** that, on November 20, 2024, the Bermuda Court entered a ruling (the "**Ruling**") that grants and approves the form of Proposed Sanction Order, subject to certain limited changes to the recitals thereof, but with no changes to the operative paragraphs. Specifically, paragraph 190 of the Ruling states as follows:

> The Court therefore grants the Order in the terms in the draft submitted to the Court, subject to the amendment of recitals as expressed in paragraph 189 above[.]

In turn, paragraph 189 of the Ruling states as follows:

> [T]he recitals to the Order should record that the Court is satisfied that in deciding to take the necessary steps to give effect to the Transaction the JPLs have acted properly and in

---

[1] The Debtor's registration number is 45859. The location of the Debtor's registered office is Crawford House, 50 Cedar Avenue, Hamilton, Pembroke, HM 11, Bermuda.

[2] The Debtor is the subject of an insolvency proceeding (the "**Bermuda Proceeding**") currently pending in the Bermuda Court and captioned as *In the Matter of Afiniti Ltd. (Provisional Liquidators Appointed for Restructuring Purpose*s) *and In the Matter of the Companies Act 1981* (2024: No. 265).

accordance with their duties to do what in their view is in the best interests of the Company and its creditors as a whole.

**PLEASE TAKE FURTHER NOTICE** that the Foreign Representative has not, at this time, attached hereto a copy of the Ruling because the Debtor intends to request certain limited redactions thereto in the publicized version of the Ruling. The Foreign Representative expects to file the Ruling in this Court once that request is resolved. The Foreign Representative will also file in this Court the Bermuda Court's sanction order, which the Foreign Representative expects the Bermuda Court to enter in advance of the Objection Deadline (as defined below).

**PLEASE TAKE FURTHER NOTICE** that, as described in the *Updated Notice of Filing and Hearing on (A) Chapter 15 Petition for Recognition, (B) Recognition of JPL Appointment Order, (C) Recognition of Sanction Order, (D) Approval of Free and Clear Transfer of Assets, (E) Approval of the Procedure Governing the Closing of this Chapter 15 Case, and (F) Granting Related Relief* [Docket No. 31] (the "**Notice of Hearing**"), a hearing (the "**Hearing**") on the Verified Petition, including recognition of the Proposed Sanction Order, has been scheduled for **November 27, 2024 at 10:00 a.m. (prevailing Eastern Time)** before the United States Bankruptcy Court for the District of Delaware, 6th Floor, 824 North Market Street, Wilmington, DE 19801. Any responses or objections must be filed with the United States Bankruptcy Court for the District of Delaware, Office of the Clerk of the Court, 824 Market Street, 3rd floor, Wilmington, Delaware 19801, and (to the extent not electronically filed) served upon the parties listed in the Notice of Hearing, **no later than November 25, 2024 at 12:00 p.m. (prevailing Eastern Time)** (the "**Objection Deadline**"). You were previously served with Notice of Hearing.

[*Remainder of Page Intentionally Left Blank*]

Dated: November 20, 2024

Wilmington, Delaware

Respectfully submitted,

*/s/ Kara Hammond Coyle*
**YOUNG CONAWAY STARGATT &TAYLOR, LLP**
Michael R. Nestor (No. 3526)
Kara Hammond Coyle (No. 4410)
Rebecca Lamb (No. 7223)
Rodney Square, 1000 North King Street
Wilmington, DE 19801
Telephone: (302) 571-6600
Email:  mnestor@ycst.com
 kcoyle@ycst.com
 rlamb@ycst.com

– and –

George Davis (admitted *pro hac vice*)
David Hammerman (admitted *pro hac vice*)
Meghana Vunnamadala (admitted *pro hac vice*)
**LATHAM & WATKINS LLP**
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212) 906-1200
Email:  george.davis@lw.com
 david.hammerman@lw.com
 meghana.vunnamadala@lw.com

– and –

Jason B. Gott (admitted *pro hac vice*)
Jonathan Gordon (admitted *pro hac vice*)
**LATHAM & WATKINS LLP**
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Telephone: (312) 876-7700
Email:  jason.gott@lw.com
 jonathan.gordon@lw.com

*Counsel to the Foreign Representative*

32418722.3

# EXHIBIT 1

**Proposed Sanction Order**

32418722.3

4

IN THE SUPREME COURT OF BERMUDA
(COMMERCIAL COURT)
COMPANIES (WINDING UP)
2024: No. 265

IN THE MATTER OF AFINITI, LTD. (JOINT PROVISIONAL LIQUIDATORS APPOINTED FOR RESTRUCTURING PURPOSES)

AND IN THE MATTER OF THE COMPANIES ACT 1981

_____

**DRAFT ORDER**
_____

**UPON** the application by Charles Thresh and Michael Morrison of Teneo (Bermuda) Ltd., acting as the joint provisional liquidators (the "**JPLs**") of Afiniti, Ltd. (joint provisional liquidators appointed for restructuring purposes) (the "**Company**"), by *inter partes* summons filed on 25 September 2024 (the "**Sanction Application**")

**AND UPON READING** the Affidavit of Charles Thresh sworn on 25 September 2024 and the exhibits thereto ("**Thresh 1**") sworn on behalf of the JPLs

**AND UPON HEARING** Counsel for the JPLs, Counsel for the Company and Counsel for VCP Capital Markets, LLC, in its capacity as collateral agent and administrative agent (the "**Term Loan Agent**") under a Term Loan Credit Agreement, dated 13 June 2019 (as amended, restated, amended and restated, supplemented or otherwise modified from time to time, the "**Credit Agreement**"), among Afiniti, Inc., the Company, the other guarantors party thereto, the Term Loan Agent and each lender from time to time party thereto (the "**Secured Lenders**")

**AND WHEREAS** the Company granted under a Debenture dated 13 June 2019 (the "**Debenture**") to the Term Loan Agent, for the Secured Lenders under the Credit Agreement, a fixed and floating charge over substantially all of its assets

**AND WHEREAS** the Company is in financial distress and insolvent, as set out in Thresh 1, and (a) the Company and (b) the Term Loan Agent and the Secured Lenders (the Term Loan Agent and Secured Lenders together, the "**Secured Parties**") have agreed a compromise or

arrangement in the form of a restructuring to be structured and implemented as part of the Transactions (as defined below), and in aid of the same the Company has entered, together with Afiniti, Inc. and their respective subsidiaries, and the Secured Parties, into a Restructuring Support Agreement dated 17 September 2024 (as amended, modified or supplemented, the "**RSA**")

**AND WHEREAS** the proposed restructuring will include several integrated transactions (together, representing the restructuring, the "**Transactions**"), which are more fully defined at paragraph 4 of Thresh 1, as part of the broader proposed restructuring, as defined and explained in detail in paragraph 34 of Thresh 1

**AND UPON** the Court being satisfied that, in facilitating the Transactions, the JPLs will not be acting in breach of their duties

**AND BY CONSENT** of the Company and the Secured Parties

**IT IS HEREBY ORDERED** that:

1. The JPLs' entry into the Transactions is sanctioned and approved pursuant to sections 175(1)(e) and 175(2)(a) of the Companies Act 1981.

2. Pursuant to section 176(3) of the Companies Act 1981, the JPLs are authorised to undertake all necessary steps and actions in furtherance of the Transactions.

3. In relation to paragraph 1 of this Order, the transaction documents in substantially the same form as referred to and set out in Schedule "A" annexed to this Order are approved and the disposition and transfer of any and all assets pursuant to and in accordance with the SATA and STA shall be free and clear of all liens, claims, charges and other encumbrances (including, without limitation, under any contract, corporate document, or applicable Bermuda law) of any kind or nature whatsoever to the extent the Court has jurisdiction over such assets, and no such lien, claim, charge or encumbrance may be asserted against either Holdco or Newco or any of their respective assets to the full extent of Bermuda law.

4. For the avoidance of doubt, no steps required or undertaken, or both, to implement the Transactions shall be avoided by virtue of section 166 of the Companies Act 1981.

5.     The JPLs' and the Company's costs of this application shall be paid out of the assets of the Company as fees and expenses properly incurred in preserving, realizing or getting in the assets under Rule 140 of the Companies (Winding-Up) Rules 1982.

**DATED** this       day of              2024

_____
**The Hon. Chief Justice/Puisne Judge**

**IN THE SUPREME COURT OF BERMUDA**
**(COMMERCIAL COURT)**
**COMPANIES (WINDING UP)**
**2024: No. 265**

**IN THE MATTER OF AFINITI, LTD. IN PROVISIONSAL LIQUIDATION FOR RESTRUCTURING PURPOSES)**

**AND IN THE MATTER OF THE COMPANIES ACT 1981**

---

**ORDER**

---



**Walkers (Bermuda) Limited**
Park Place
55 Par-La-Ville Road
Third Floor
Hamilton HM 11
Bermuda
Tel: 441 242 1500
Ref: KT/SW/DL/A04375

30969265.8.M7796.A04375

4

# SCHEDULE A
# TRANSACTION DOCUMENTS

6. The Stock and Asset Transfer Agreement by and between the Company and Holdco (as defined therein) and in substantially the form exhibited to <u>Exhibit CT-1</u> of Thresh 1 (the **"SATA"**), including without limitation:

    (a) the disposition and transfer of the assets, including, without limitation, the intellectual property assets of the Company to Afiniti AI Holdings, LLC, a Cayman Islands limited liability company and wholly owned subsidiary of the Company (**"Holdco"**), and the assumption and assignment and/or transfer of the specified contracts of the Company to Holdco; and

    (b) the disposition and transfer, immediately thereafter, of the rights, title, and interests in the Transferred IP Assets (as defined in the SATA) from Holdco to Afiniti AI Limited, an Irish private limited company (**"IP Purchaser"**), and the assumption by IP Purchaser of Assumed IP Liabilities (as defined in the SATA), in each case pursuant to, and in accordance with, the terms of the SATA.

7. The Securities Transfer Agreement (the **"STA"**) between the Company and Afiniti Newco Holdings, LLC, a Delaware limited liability company (**"Newco"**), an entity formed and controlled by an affiliate of the Term Loan Agent, in substantially the form exhibited to <u>Exhibit CT-1</u> of Thresh 1, including without limitation, the disposition and transfer of all of the issued and outstanding shares of capital stock of Afiniti, Inc., a Delaware corporation (the **"USCo Shares"**), and all of the issued and outstanding membership interests of Holdco (the **"Holdco Interests"** and, together with the USCo Shares, the **"Securities"**) as part of the compromise of the Company's primary obligation under its guarantee of the liabilities owed to the Secured Lenders under the Credit Agreement.

8. The release of claims, matters, disputes, and differences, whether known or unknown, suspected or unsuspected, in the manner and to the extent provided in the Release of Claims Agreement, exhibited to <u>Exhibit CT-1</u> of Thresh 1.

9. The Amended Credit Agreement, being an amendment of the Credit Agreement dated 13 June 2019, among the Company, Afiniti, Inc., as borrower, the guarantors party thereto, the Term Loan Agent, and each lender from time to time party thereto (as may be

30969265.8.M7796.A04375

6

amended, restated, amended and restated, supplemented or otherwise modified from time to time), exhibited to <u>Exhibit CT-1</u> of Thresh 1, and related documents.