**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 15 |
| Afiniti, Ltd.,[1] | Case No. 24-12539 (LSS) |
| Debtor in a Foreign Proceeding. | Ref. Docket Nos. 1, 4 & 31 |

## NOTICE OF FILING OF APPROVED SANCTION ORDER AFTER JUDGMENT

**PLEASE TAKE NOTICE** that Afiniti, Ltd., in its capacity as the foreign representative (the "**Foreign Representative**") duly authorized by the Supreme Court of Bermuda, Companies (Winding Up) Commercial Court (the "**Bermuda Court**") to represent the above-captioned debtor (the "**Debtor**"),[2] filed the *Chapter 15 Petition for Recognition of a Foreign Proceeding* [Docket No. 1] (the "**Chapter 15 Petition**") on November 3, 2024 and the *Verified Petition and Motion Under Chapter 15 for (I) Recognition of a Foreign Main Proceeding, (II) Approval of Free and Clear Transfer or Other Disposition Under Section 363 of the Bankruptcy Code, (III) Approval of the Procedure Governing the Closing of this Chapter 15 Case and (IV) Related Relief* [Docket No. 4] on November 4, 2024 (the "**Verified Petition**," and together with the Chapter 15 Petition, the "**Petition**") pursuant to chapter 15 of title 11 of the United States Code with the United States Bankruptcy Court for the District of Delaware (the "**Court**"). Attached as Exhibit F to the Verified Petition was a copy of the proposed sanction order which was under consideration in the Bermuda Proceeding (the "**Proposed Sanction Order**").

**PLEASE TAKE FURTHER NOTICE** that, on November 22, 2024, a sanction order was entered in the Bermuda Proceeding, which order is attached hereto as **Exhibit A** (the "**Approved Sanction Order**"). For the convenience of the Court and interested parties, attached hereto as **Exhibit B** is a blackline comparing the Approved Sanction Order to the Proposed Sanction Order.

**PLEASE TAKE FURTHER NOTICE** that, as described in the *Updated Notice of Filing and Hearing on (A) Chapter 15 Petition for Recognition, (B) Recognition of JPL Appointment Order, (C) Recognition of Sanction Order, (D) Approval of Free and Clear Transfer of Assets, (E) Approval of the Procedure Governing the Closing of this Chapter 15 Case, and (F) Granting Related Relief* [Docket No. 31] (the "**Notice of Hearing**"), a hearing (the "**Hearing**") on the Verified Petition, including recognition of the Approved Sanction Order, has been scheduled for **November 27, 2024 at 10:00 a.m. (prevailing Eastern Time)** before the United States Bankruptcy Court for the District of Delaware, 6th Floor, 824 North Market Street, Wilmington, DE 19801. Any responses or objections must be filed with the United States Bankruptcy Court

---

[1] The Debtor's registration number is 45859. The location of the Debtor's registered office is Crawford House, 50 Cedar Avenue, Hamilton, Pembroke, HM 11, Bermuda.

[2] The Debtor is the subject of an insolvency proceeding (the "**Bermuda Proceeding**") currently pending in the Bermuda Court and captioned as *In the Matter of Afiniti Ltd. (Provisional Liquidators Appointed for Restructuring Purpose*s) *and In the Matter of the Companies Act 1981* (2024: No. 265).

for the District of Delaware, Office of the Clerk of the Court, 824 Market Street, 3rd floor, Wilmington, Delaware 19801, and (to the extent not electronically filed) served upon the parties listed in the Notice of Hearing, **no later than November 25, 2024 at 12:00 p.m. (prevailing Eastern Time)** (the "**Objection Deadline**").  You were previously served with the Notice of Hearing.

*[Remainder of Page Intentionally Left Blank]*

Dated: November 22, 2024

Wilmington, Delaware

Respectfully submitted,

*/s/ Kara Hammond Coyle*
**YOUNG CONAWAY STARGATT &TAYLOR, LLP**
Michael R. Nestor (No. 3526)
Kara Hammond Coyle (No. 4410)
Rebecca Lamb (No. 7223)
Rodney Square, 1000 North King Street
Wilmington, DE 19801
Telephone:  (302) 571-6600
Email:   mnestor@ycst.com
        kcoyle@ycst.com
        rlamb@ycst.com

– and –

George Davis (admitted *pro hac vice*)
David Hammerman (admitted *pro hac vice*)
Meghana Vunnamadala (admitted *pro hac vice*)
**LATHAM & WATKINS LLP**
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212) 906-1200
Email:   george.davis@lw.com
        david.hammerman@lw.com
        meghana.vunnamadala@lw.com

– and –

Jason B. Gott (admitted *pro hac vice*)
Jonathan Gordon (admitted *pro hac vice*)
**LATHAM & WATKINS LLP**
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Telephone: (312) 876-7700
Email:   jason.gott@lw.com
        jonathan.gordon@lw.com

*Counsel to the Foreign Representative*

## **EXHIBIT A**

**Approved Sanction Order**

IN THE SUPREME COURT OF BERMUDA
(COMMERCIAL COURT)
COMPANIES (WINDING UP)
2024: No. 265

IN THE MATTER OF A COMPANY (JOINT PROVISIONAL LIQUIDATORS APPOINTED FOR RESTRUCTURING PURPOSES)

AND IN THE MATTER OF THE COMPANIES ACT 1981

---

~~DRAFT~~ ORDER

---

**UPON** the application by Charles Thresh and Michael Morrison of Teneo (Bermuda) Ltd., acting as the joint provisional liquidators (the "**JPLs**") of Afiniti, Ltd. (joint provisional liquidators appointed for restructuring purposes) (the "**Company**"), by *inter partes* summons filed on 25 September 2024 (the "**Sanction Application**")

**UPON** the application by Muhammad Ziaullah Khan Chishti filed on 21 October 2024 which sought an adjournment of the hearing of the Sanction Application (the "**Adjournment Application**") and certain other relief

**AND UPON READING** the First Affidavit of Charles Thresh sworn on 2 October 2024 and the exhibit thereto ("**Thresh-1**") sworn on behalf of the JPLs, the Second Affidavit of Charles Thresh sworn on 18 October 2024 and the exhibit thereto,  the Fourth Affidavit of Charles Thresh sworn on 30 October 2024 and exhibit thereto, the Fifth Affidavit of Charles Thresh sworn on 4 November 2024 and exhibit thereto ("**Thresh-5**"), the First Affidavit of Brendan Renehan sworn on 18 October 2024 on behalf of VCP Capital Markets, LLC, in its capacity as collateral agent and administrative agent (the "**Term Loan Agent**") under a Term Loan Credit Agreement, dated 13 June 2019 (as amended, restated, amended and restated, supplemented or otherwise modified from time to time), among Afiniti, Inc., the Company, the other guarantors party thereto, the Term Loan Agent, and each lender from time to time party thereto (the "**Secured Lenders**"), the Second Affidavit of Brendan Renehan sworn 22 October 2024, the Third Affidavit of Brendan Renehan sworn 28 October 2024, the First Affidavit of David Flannery sworn on behalf of the Term Loan

Agent on 28 October 2024, the Second Affidavit of David Flannery sworn on 4 November 2024, the First Affidavit of J Michael Myshrall sworn on 19 October 2024 on behalf of the Company, the Second Affidavit of J Michael Myshrall sworn on 28 October 2024, the First Affidavit of Muhammad Ziaullah Khan Chishti sworn on 20 October 2024 and the exhibit thereto, the First Affidavit of Rachelle Ann Frisby sworn on 21 October 2024 on behalf of Interpath Advisory ("**Interpath**") and the exhibit thereto, the unsworn but filed Second Affidavit of Rachelle Frisby, the Third Affidavit of Rachelle Frisby sworn 1 November 2024, the First Affidavit of Steven Christopher Taylor sworn on 21 October 2024 on behalf of Interpath and the exhibit thereto, the Second Affidavit of Steven Christopher Taylor sworn 31 October 2024 and exhibit thereto, the unsworn Third Affidavit of Steven Taylor filed on 1 November 2024

**AND UPON READING** the Affidavit of Haris Mustafa dated 30 October 2024 and the unsworn but confirmed Third Affidavit of J Michael Myshrall which were not filed in this proceeding but exhibited to Thresh 5

**AND UPON HEARING** respective Counsel for the JPLs, the Company, the Term Loan Agent, and Mr Chishti

**AND WHEREAS** the Company granted under a Debenture dated 13 June 2019 (the "**Debenture**") to the Term Loan Agent, for the Secured Lenders under the Credit Agreement, a fixed and floating charge over substantially all of its assets

**AND WHEREAS** the Company is in financial distress and insolvent, as set out in Thresh 1, and (a) the Company and (b) the Term Loan Agent and the Secured Lenders (the Term Loan Agent and Secured Lenders together, the "**Secured Parties**") have agreed a compromise or arrangement in the form of a restructuring to be structured and implemented as part of the Transactions (as defined below), and in aid of the same the Company has entered, together with Afiniti, Inc. and their respective subsidiaries, and the Secured Parties, into a Restructuring Support Agreement dated 17 September 2024 (as amended, modified or supplemented, the "**RSA**")

**AND WHEREAS** the proposed restructuring will include several integrated transactions (together, representing the restructuring, the "**Transactions**"), which are more fully defined at paragraph 4 of Thresh 1, as part of the broader proposed restructuring, as defined and explained in detail in paragraph 34 of Thresh 1

**AND UPON** the Court being satisfied that in deciding to take the necessary steps to give effect to the Transaction the JPLs have acted properly and in accordance with their duties to do what is in their view in the best interests of the Company and its creditors as a whole

**AND BY CONSENT** of the Company and the Secured Parties

**IT IS HEREBY ORDERED** that:

1.      The JPLs' entry into the Transactions is sanctioned and approved pursuant to sections 175(1)(e) and 175(2)(a) of the Companies Act 1981.

2.      Pursuant to section 176(3) of the Companies Act 1981, the JPLs are authorised to undertake all necessary steps and actions in furtherance of the Transactions.

3.      In relation to paragraph 1 of this Order, the transaction documents in substantially the same form as referred to and set out in Schedule "A" annexed to this Order are approved and the disposition and transfer of any and all assets pursuant to and in accordance with the SATA and STA shall be free and clear of all liens, claims, charges and other encumbrances (including, without limitation, under any contract, corporate document, or applicable Bermuda law) of any kind or nature whatsoever to the extent the Court has jurisdiction over such assets, and no such lien, claim, charge, or encumbrance may be asserted against either Holdco or Newco or any of their respective assets to the full extent of Bermuda law.

4.      For the avoidance of doubt, no steps required or undertaken, or both, to implement the Transactions shall be avoided by virtue of section 166 of the Companies Act 1981.

5.      The JPLs' and the Company's costs of this application shall be paid out of the assets of the Company as fees and expenses properly incurred in preserving, realizing, or getting in the assets under Rule 140 of the Companies (Winding-Up) Rules 1982.

6.   The Court shall hear the parties upon application as to the costs of and occasioned by Mr Chishti's Adjournment Application.

DATED this ____ day of November 2024

_____
THE HON. ANDREW MARTIN, PUISNE JUDGE



## SCHEDULE A

## TRANSACTION DOCUMENTS

1.  The Stock and Asset Transfer Agreement by and between the Company and Holdco (as defined therein) and in substantially the form exhibited to <u>Exhibit CT-1</u> of Thresh 1 (the **"SATA"**), including without limitation:

    (a)  the disposition and transfer of the assets, including, without limitation, the intellectual property assets of the Company to Afiniti AI Holdings, LLC, a Cayman Islands limited liability company and wholly owned subsidiary of the Company (**"Holdco"**), and the assumption and assignment and/or transfer of the specified contracts of the Company to Holdco; and

    (b)  the disposition and transfer, immediately thereafter, of the rights, title, and interests in the Transferred IP Assets (as defined in the SATA) from Holdco to Afiniti AI Limited, an Irish private limited company (**"IP Purchaser"**), and the assumption by IP Purchaser of Assumed IP Liabilities (as defined in the SATA), in each case pursuant to, and in accordance with, the terms of the SATA.

2.  The Securities Transfer Agreement (the **"STA"**) between the Company and Afiniti Newco Holdings, LLC, a Delaware limited liability company (**"Newco"**), an entity formed and controlled by the Term Loan Agent, in substantially the form exhibited to <u>Exhibit CT-1</u> of Thresh 1, including without limitation, the disposition and transfer of all of the issued and outstanding shares of capital stock of Afiniti, Inc., a Delaware corporation (the **"USCo Shares"**), and all of the issued and outstanding membership interests of Holdco (the **"Holdco Interests"** and, together with the USCo Shares, the **"Securities"**) as part of the compromise of the Company's primary obligation under its guarantee of the liabilities owed to the Secured Lenders under the Credit Agreement.

3.  The release of claims, matters, disputes, and differences, whether known or unknown, suspected or unsuspected, in the manner and to the extent provided in the Release of Claims Agreement, exhibited to <u>Exhibit CT-1</u> of Thresh 1.

4.  The Amended Credit Agreement, being an amendment of the Credit Agreement dated 13 June 2019, among the Company, Afiniti, Inc., as borrower, the guarantors party thereto, the Term Loan Agent, and each lender from time to time party thereto (as may be

amended, restated, amended and restated, supplemented or otherwise modified from time to time), exhibited to <u>Exhibit CT-1</u> of Thresh 1, and related documents.

IN THE SUPREME COURT OF BERMUDA

(COMMERCIAL COURT)

COMPANIES (WINDING UP)

2024: No. 265

IN THE MATTER OF COMPANY (JOINT PROVISIONAL LIQUIDATORS APPOINTED FOR RESTRUCTURING PURPOSES)

AND IN THE MATTER OF THE COMPANIES ACT 1981

---

**ORDER**

---



**Walkers**

**Walkers (Bermuda) Limited**
**Park Place**
**55 Par-La-Ville Road**
**Third Floor**
**Hamilton HM 11**
**Bermuda**
**Tel: 441 242 1500**
**Ref: KT/SW/DL/A04375**

5

## EXHIBIT B

**Blackline**

**IN THE SUPREME COURT OF BERMUDA**

**(COMMERCIAL COURT)**

**COMPANIES (WINDING UP)**

**2024: No. 265**

**IN THE MATTER OF A COMPANY (JOINT PROVISIONAL LIQUIDATORS APPOINTED FOR RESTRUCTURING PURPOSES)**

**AND IN THE MATTER OF THE COMPANIES ACT 1981**

---

**DRAFT ORDER**

---

**UPON** the application by Charles Thresh and Michael Morrison of Teneo (Bermuda) Ltd., acting as the joint provisional liquidators (the "**JPLs**") of Afiniti, Ltd. (joint provisional liquidators appointed for restructuring purposes) (the "**Company**"), by *inter partes* summons filed on 25 September 2024 (the "**Sanction Application**")

**UPON** the application by Muhammad Ziaullah Khan Chishti filed on 21 October 2024 which sought an adjournment of the hearing of the Sanction Application (the "**Adjournment Application**") and certain other relief

**AND UPON READING** the First Affidavit of Charles Thresh sworn on 2 October 2024 and the ~~exhibits~~exhibit thereto ("**Thresh-1**") sworn on behalf of the JPLs, the Second Affidavit of Charles Thresh sworn on 18 October 2024 and the ~~exhibits~~exhibit thereto ~~sworn on behalf of the JPLs~~,  the Fourth Affidavit of Charles Thresh sworn on 30 October 2024, and exhibit thereto, the Fifth Affidavit of Charles Thresh sworn on 4 November 2024 and exhibit thereto ("**Thresh-5**"), the First Affidavit of Brendan Renehan sworn on 18 October 2024 on behalf of VCP Capital Markets, LLC, in its capacity as collateral agent and administrative agent (the "**Term Loan Agent**") under a Term Loan Credit Agreement, dated 13 June 2019 (as amended, restated, amended and restated, supplemented or otherwise modified from time to time), among Afiniti, Inc., the Company, the other guarantors party thereto, the Term Loan Agent, and each lender from time to time party thereto (the "**Secured Lenders**"), the Second Affidavit of Brendan Renehan ~~dated~~sworn 22 October 2024, the Third Affidavit of Brendan Renehan sworn

28 October 2024, the First Affidavit of David Flannery sworn on behalf of the Term Loan Agent on 28 October 2024, the Second Affidavit of David Flannery sworn on 4 November 2024, the First Affidavit of J Michael Myshrall sworn on 19 October 2024 on behalf of the Company, the Second Affidavit of J Michael Myshrall dated sworn on 28 October 2024, the First Affidavit of Muhammad Ziaullah Khan Chishti sworn on 20 October 2024 and the exhibits exhibit thereto, the First Affidavit of Rachelle Ann Frisby sworn on 21 October 2024 on behalf of Interpath Advisory ("**Interpath**") and the exhibits thereto, and exhibit thereto, the unsworn but filed Second Affidavit of Rachelle Frisby, the Third Affidavit of Rachelle Frisby sworn 1 November 2024, the First Affidavit of Steven Christopher Taylor sworn on 21 October 2024 on behalf of Interpath and the exhibits thereto exhibit thereto, the Second Affidavit of Steven Christopher Taylor sworn 31 October 2024 and exhibit thereto, the unsworn Third Affidavit of Steven Taylor filed on 1 November 2024

**AND UPON HEARING** Counsel

**AND UPON READING** the Affidavit of Haris Mustafa dated 30 October 2024 and the unsworn but confirmed Third Affidavit of J Michael Myshrall which were not filed in this proceeding but exhibited to Thresh 5

**AND UPON HEARING** respective Counsel for the JPLs, the Company, the Term Loan Agent, and Mr Chishti

**AND WHEREAS** the Company granted under a Debenture dated 13 June 2019 (the "**Debenture**") to the Term Loan Agent, for the Secured Lenders under the Credit Agreement, a fixed and floating charge over substantially all of its assets

**AND WHEREAS** the Company is in financial distress and insolvent, as set out in Thresh 1, and (a) the Company and (b) the Term Loan Agent and the Secured Lenders (the Term Loan Agent and Secured Lenders together, the "**Secured Parties**") have agreed a compromise or arrangement in the form of a restructuring to be structured and implemented as part of the Transactions (as defined below), and in aid of the same the Company has entered, together with Afiniti, Inc. and their respective subsidiaries, and the Secured Parties, into a Restructuring Support Agreement dated 17 September 2024 (as amended, modified or supplemented, the "**RSA**")

**AND WHEREAS** the proposed restructuring will include several integrated transactions (together, representing the restructuring, the "**Transactions**"), which are more fully defined at paragraph 4 of Thresh 1, as part of the broader proposed restructuring, as defined and explained in detail in paragraph 34 of Thresh 1

**AND UPON** the Court being satisfied that~~, in facilitating the Transactions,~~deciding to take the necessary steps to give effect to the Transaction the JPLs ~~will not be acting in breach of~~have acted properly and in accordance with their duties to do what is in their view in the best interests of the Company and its creditors as a whole

**AND BY CONSENT** of the Company and the Secured Parties

**IT IS HEREBY ORDERED** that:

1.    The JPLs' entry into the Transactions is sanctioned and approved pursuant to sections 175(1)(e) and 175(2)(a) of the Companies Act 1981.

2.    Pursuant to section 176(3) of the Companies Act 1981, the JPLs are authorised to undertake all necessary steps and actions in furtherance of the Transactions.

3.    In relation to paragraph 1 of this Order, the transaction documents in substantially the same form as referred to and set out in Schedule "A" annexed to this Order are approved and the disposition and transfer of any and all assets pursuant to and in accordance with the SATA and STA shall be free and clear of all liens, claims, charges and other encumbrances (including, without limitation, under any contract, corporate document, or applicable Bermuda law) of any kind or nature whatsoever to the extent the Court has jurisdiction over such assets, and no such lien, claim, charge, or encumbrance may be asserted against either Holdco or Newco or any of their respective assets to the full extent of Bermuda law.

4.    For the avoidance of doubt, no steps required or undertaken, or both, to implement the Transactions shall be avoided by virtue of section 166 of the Companies Act 1981.

5.    The JPLs' and the Company's costs of this application shall be paid out of the assets of the Company as fees and expenses properly incurred in preserving, realizing, or getting in the assets under Rule 140 of the Companies (Winding-Up) Rules 1982.

3

6.      The Court shall hear the parties upon application as to the costs of and occasioned by Mr Chishti's Adjournment Application.


**DATED** this      day of November 2024


_____    __

**THE HON.** ~~**Chief Justice**~~/**ANDREW MARTIN,**

**PUISNE JUDGE**

4

**IN THE SUPREME COURT OF BERMUDA**

**(COMMERCIAL COURT)**

**COMPANIES (WINDING UP)**

**2024: No. 265**

**IN THE MATTER OF COMPANY (JOINT PROVISIONAL LIQUIDATORS APPOINTED FOR RESTRUCTURING PURPOSES)**

**AND IN THE MATTER OF THE COMPANIES ACT 1981**

---

**ORDER**

---

(Mod)

**Walkers**

**Walkers (Bermuda) Limited**
**Park Place**
**55 Par-La-Ville Road**
**Third Floor**
**Hamilton HM 11**
**Bermuda**
**Tel: 441 242 1500**
**Ref: KT/SW/DL/A04375**

5

**SCHEDULE A**
**TRANSACTION DOCUMENTS**

1.      The Stock and Asset Transfer Agreement by and between the Company and Holdco (as defined therein) and in substantially the form exhibited to Exhibit CT-1 of Thresh 1 (the **"SATA"**), including without limitation:

      (a)      the disposition and transfer of the assets, including, without limitation, the intellectual property assets of the Company to Afiniti AI Holdings, LLC, a Cayman Islands limited liability company and wholly owned subsidiary of the Company (**"Holdco"**), and the assumption and assignment and/or transfer of the specified contracts of the Company to Holdco; and

      (b)      the disposition and transfer, immediately thereafter, of the rights, title, and interests in the Transferred IP Assets (as defined in the SATA) from Holdco to Afiniti AI Limited, an Irish private limited company (**"IP Purchaser"**), and the assumption by IP Purchaser of Assumed IP Liabilities (as defined in the SATA), in each case pursuant to, and in accordance with, the terms of the SATA.

2.      The Securities Transfer Agreement (the **"STA"**) between the Company and Afiniti Newco Holdings, LLC, a Delaware limited liability company (**"Newco"**), an entity formed and controlled by ~~an affiliate of~~ the Term Loan Agent, in substantially the form exhibited to Exhibit CT-1 of Thresh 1, including without limitation, the disposition and transfer of all of the issued and outstanding shares of capital stock of Afiniti, Inc., a Delaware corporation (the **"USCo Shares"**), and all of the issued and outstanding membership interests of Holdco (the **"Holdco Interests"** and, together with the USCo Shares, the **"Securities"**) as part of the compromise of the Company's primary obligation under its guarantee of the liabilities owed to the Secured Lenders under the Credit Agreement.

3.      The release of claims, matters, disputes, and differences, whether known or unknown, suspected or unsuspected, in the manner and to the extent provided in the Release of Claims Agreement, exhibited to Exhibit CT-1 of Thresh 1.

4.      The Amended Credit Agreement, being an amendment of the Credit Agreement dated 13 June 2019, among the Company, Afiniti, Inc., as borrower, the guarantors party thereto, the Term Loan Agent, and each lender from time to time party thereto (as may be amended, restated, amended and restated, supplemented or otherwise modified from time to time), exhibited to <u>Exhibit CT-1</u> of Thresh 1, and related documents.