**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>Afiniti, Ltd.,[1]<br><br>Debtor in a Foreign Proceeding. | Chapter 15<br><br>Case No. 24-12539 (LSS) |

**FOREIGN REPRESENTATIVE'S SUPPLEMENTAL BRIEF**
**REGARDING STATUS AND IN SUPPORT OF RECOGNITION MOTION**

Afiniti, Ltd., in its capacity as the foreign representative (the "**Foreign Representative**") duly authorized by the Supreme Court of Bermuda, Companies (Winding Up) Commercial Court (the "**Bermuda Court**") to represent the debtor in the above-captioned case (the "**Debtor**"), respectfully states as follows:

**BACKGROUND**

1.    As the Court is aware, on November 3, 2024, the Foreign Representative filed its *Verified Petition and Motion Under Chapter 15 for (I) Recognition of a Foreign Main Proceeding (II) Recognition of JPL Appointment Order, (III) Recognition of Sanction Order, (IV) Approval of Free and Clear Transfer of Assets, (V) Approval of the Procedure Governing the Closing of this Chapter 15 Case, and (VI) Related Relief* [D.I. 4] (the "**Recognition Motion**"). No objections have been filed to the Recognition Motion. The Foreign Representative submits this supplemental brief to apprise the Court of certain events that have transpired since the November 13, 2024 hearing in this case and to outline certain legal considerations that have become relevant based on those events.

---

[1]    The Debtor's registration number is 45859. The location of the Debtor's registered office is Crawford House, 50 Cedar Avenue, Hamilton, Pembroke, HM 11, Bermuda.

US-DOCS\155752417.4

2. The Bermuda Court held a hearing on the Bermuda joint provisional liquidators' ("**JPLs**") application on November 6 and 7, 2024, which was contested only by Mr. Muhammad Ziaullah Chishti (the Debtor's founder and former CEO). After taking the matter under advisement, the Bermuda Court issued its ruling on November 20, 2024, sanctioned the Debtor's proposed restructuring, and entered its corresponding order on November 22, 2024 (the "**Sanction Order**"). *See* [D.I. 32, 34] (notice of ruling and ruling under seal), [D.I. 33] (notice of order).

3. On November 25, Mr. Chishti filed a request with the Bermuda Court for an *ex parte* injunction against the Debtor and the JPLs to enjoin them from taking any steps or seeking any orders in this Court that would close the Proposed Transactions and/or preclude Mr. Chishti from advancing his application for indemnity from the Debtor. The stated purpose of this request is to allow Mr. Chishti to pursue claims regarding indemnification he is purportedly owed by the Debtor before closing occurs. Notably, this request comes despite the Bermuda Court ordering a litigation schedule for these claims in the Ruling that calls for the claims to be resolved over the coming months after the proposed restructuring closes. *See* [D.I. 34, ¶¶ 192-96]. An emergency hearing on the application was held in the morning of November 26, and the Bermuda Court will rule at 2:30 ET on November 26. The Foreign Representative will file a notice advising this Court of the ruling after it is rendered.

4. Mr. Chishti has also indicated he intends to seek leave to appeal the Sanction Order in due course and within the time limits set by Bermuda law (i.e., fourteen days from entry of the Sanction Order).

5. Before the hearing on the Recognition Motion, the Foreign Representative also intends to submit a declaration from the Debtor's Bermuda counsel at Conyers Dill & Pearman, Rhys Williams, in connection with the Bermuda proceeding. Mr. Williams's declaration will

outline the legal framework the Bermuda Court is likely to employ in considering Mr. Chishti's injunction and leave-to-appeal applications for this Court's benefit in understanding what must be shown for him to receive leave to appeal and obtain an injunction of the Sanction Order while he does so.  As the declaration will explain, this series of events suggests it may be several weeks—or, despite remote odds that an appeal is actually permitted, several months—before Mr. Chishti's attempts to thwart the Debtor's value-maximizing restructuring are exhausted.

6. But the Debtor cannot afford to wait that long.  Mr. Chishti's apparent strategy, despite the order entered by the Bermuda Court, is to seek delay to create leverage.  Liquidity for the Debtor and its subsidiaries is very low and getting tighter by the day, with a significant portion of their ordinary trade payables overdue, nearly all eligible future receivables already factored, and no ability to raise new capital until the restructuring is closed.  And the Debtor remains in default under its senior term loans with no protection against enforcement by the senior lenders (which they may well pursue if the alternative is waiting indefinitely for an appeal to conclude in Bermuda while liquidity continues to dwindle).  Time, therefore, is of the essence.

7. Critically, this posture in Bermuda does *not* prevent the Foreign Representative from seeking or this Court from granting recognition.  As explained below, this Court may recognize the Sanction Order notwithstanding the possibility that it could later be reversed or stayed in Bermuda.  Many courts have done so readily in parallel circumstances, which reflects the reality that the effect of a recognition order is necessarily coterminous with the order being recognized.  Further, as will be set forth in Mr. Williams's declaration, under Bermuda law, the Sanction Order is in full force and effect so long as it is not affirmatively stayed or enjoined, notwithstanding a pending appeal or request for leave to appeal.  Accordingly, the Foreign

Representative intends to proceed with the November 27 hearing to seek entry of the proposed order granting the Recognition Motion.

## SUPPLEMENTAL LEGAL DISCUSSION

8. The decision wrestling with this issue—i.e., whether to grant recognition despite an appeal being taken of the plenary order—most deeply is *In re Oi S.A.*, a chapter 15 case where the underlying foreign proceeding was a Brazilian reorganization case. 587 B.R. 253 (Bankr. S.D.N.Y. 2018) (attached hereto as **Exhibit A**). In that case, shareholders of the debtor had sought relief in three separate ways from the Brazilian court's plan confirmation order—by seeking a stay of the order, seeking reconsideration of the order, and taking an appeal of the confirmation order (as well as a related order). *See id.* at 261. At the time of the US recognition hearing, the shareholders "[were] still actively pursuing their rights in the various proceedings in Brazil, including [one shareholder's] appeals of the various decisions" of the Brazilian court and separate arbitration and mediation proceedings. Based on this posture, the shareholders objected to recognition in the US, arguing "that the Court should instead delay granting any relief until after all of the proceedings in Brazil are completed, including the appeals, the arbitration and the mediation." *Id.* at 270.

9. The US court overruled the objections and granted recognition, making several points of supportive reasoning along the way.

- First, the court noted that the US proceeding had been conducted on an ordinary timeline and that the Brazilian proceedings had involved active participation by creditors. *See id.*

- Second, delay risked violation of milestones to which the debtor was subject for consummating its reorganization. *See id.*

- Third, denying or delaying relief would have amounted to a "pocket veto over the entire process," notwithstanding the wishes of other stakeholders. *See id.* at 271.

10. Moreover, as a more general legal matter, the US court dealt exhaustively with the shareholders' argument that they might be left without effective relief if they prevailed on their appeals in Brazil. On this score, the court noted (a) the Brazilian court should be the one to determine whether the appeals justified staying the order and plan, not the US court; and (b) relief would in fact be available, including through reconsideration of the recognition order under FRCP 60. *See id.* at 273-75. Further, the court pointed to four other instances of chapter 15 courts making similar decisions in the face of pending appeals in the underlying foreign courts, each of which may be useful to this Court, as well. *See id.* at 271 (citing *In re Ocean Rig UDW Inc.*, No. 17-10736 (MG) (Bankr. S.D.N.Y. Sept. 20, 2017) (attached hereto as **Exhibit B**); *In re Sino-Forest Corp.*, 501 B.R. 655, 666 (Bankr. S.D.N.Y. 2013) (**Exhibit C**); *In re Rede Energia S.A.*, 515 B.R. 69 (Bankr. S.D.N.Y. 2014) (**Exhibit D**); *In re Gerova Fin. Grp., Ltd.*, 482 B.R. 86, 94 (Bankr. S.D.N.Y. 2012) (**Exhibit E**)).

11. Accordingly, there is strong legal support for granting recognition of a foreign court order despite an appeal in the foreign court system. If the appellant is successful, then the appellant will have remedies even if the restructuring has closed, such as claims for damages or any other remedy ordered in the foreign jurisdiction. And conversely, if the transaction is stayed or enjoined in the plenary court—Bermuda here—then the transaction will not be closed until that restraint is lifted.

*[Remainder of page intentionally left blank]*

Dated: November 26, 2024

Wilmington, Delaware

Respectfully submitted,

*/s/ Kara Hammond Coyle*
**YOUNG CONAWAY STARGATT &TAYLOR, LLP**
Michael R. Nestor (No. 3526)
Kara Hammond Coyle (No. 4410)
Rebecca Lamb (No. 7223)
Rodney Square, 1000 North King Street
Wilmington, DE 19801
Telephone: (302) 571-6600
Email: mnestor@ycst.com
kcoyle@ycst.com
rlamb@ycst.com

– and –

George Davis (admitted *pro hac vice*)
David Hammerman (admitted *pro hac vice*)
Meghana Vunnamadala (admitted *pro hac vice*)
**LATHAM & WATKINS LLP**
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212) 906-1200
Email: george.davis@lw.com
david.hammerman@lw.com
meghana.vunnamadala@lw.com

– and –

Jason B. Gott (admitted *pro hac vice*)
Jonathan Gordon (admitted *pro hac vice*)
**LATHAM & WATKINS LLP**
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Telephone: (312) 876-7700
Email: jason.gott@lw.com
jonathan.gordon@lw.com

*Counsel to the Foreign Representative*